IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SHAWN QUEEN,** | *<br>*<br>* |
| Plaintiff | *<br>* |
| v. | *    Case No.: RWT 09cv3428<br>* |
| **ERROL WALKER,** *et al.*, | *<br>* |
| Defendants. | *<br>* |

## MEMORANDUM OPINION

Plaintiff Shawn Walker has brought this action for quiet title and declaratory and injunctive relief to determine the validity of a deed of trust, claiming that he is a victim of the Metropolitan Money Store scheme and the rightful owner of the real property located at 4677 A Street, SE, Washington, DC 20019 (the "Property").[1] Defendants Bierman, Geesing & Ward, LLC ("BGW") and Deutsche Bank National Trust Company ("Deutsche Bank") move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

The Metropolitan Money Store was formed in Maryland on May 12, 2005, Compl. ¶ 39, purportedly for the purposes of offering foreclosure consultation and credit services to financially distressed homeowners in Maryland, Virginia, and the District of Columbia, *id.* ¶ 19. The corporation and affiliated entities were in reality a criminal enterprise. *Id.* ¶ 15.

---

[1] Plaintiff's counsel, William Carroll Johnson, Jr., has commenced at least six other similar actions in this Court on behalf of other purported victims of the Metropolitan Money Store scheme. *Whiting v. Deloatch*, No. 09cv3426 (D. Md. Dec. 23, 2009); *Frazier v. Rolon*, No. 09cv3427 (D. Md. Dec. 23, 2009); *Humphrey v. Brown*, No. 09cv3429 (D. Md. Dec. 23, 2009); *Young v. Scott*, No. 10cv532 (D. Md. Mar. 3, 2010); *Barmer v. Walker*, No. 10cv916 (D. Md. Apr. 13, 2010); *Davis v. Fordham*, No. 10cv1141 (D. Md. May 7, 2010).

Members of the criminal conspiracy targeted individuals who owned and had substantial equity in their homes but were facing foreclosure because of their inability to make monthly mortgage payments. *Id.* ¶ 42. Without consent or knowledge of the homeowners, the conspirators allegedly transferred title to straw purchasers by forging the deeds of trust. *Id.* ¶ 43. The conspirators then obtained fraudulently inflated loans in order to extract the maximum available equity from the homes. *Id.* ¶ 45. At settlements, the conspirators also imposed fees and required seller contributions in excess of industry standards. *Id.* Although the victim homeowners were told that the withdrawn equity would be used to pay their mortgages, *id.* ¶ 44, the conspirators instead converted the funds, *id.* ¶ 45. The straw purchasers were paid $10,000 for participating in the scheme. *Id.* ¶ 43.

Plaintiff Queen allegedly possessed and resided in the home at issue in this action, *id.* ¶ 54, and enlisted the services of Metropolitan Money Store to refinance the Property, *id.* ¶ 55. Without Plaintiff's knowledge or consent, the conspirators allegedly forged the deed to the Property in order to transfer title to the straw purchaser, Defendant Errol Walker. *Id.* ¶¶ 57, 59. The conspirators then allegedly submitted a fraudulent loan application to New Century Mortgage in the name of Defendant Walker, *id.* ¶ 58, 64, 72, obtained an inflated loan, *id.* ¶¶ 64, 67, 73, and stripped the Property of its equity, *id.* ¶¶ 67, 71, 74.

Defendant Deutsche Bank subsequently purchased the loan from New Century. *Id.* ¶ 79. The loan eventually became delinquent and Defendant Deutsche Bank purportedly mailed notices to Defendant Walker at the Property. *Id.* ¶ 80. The loan then went into default and Defendant Deutsche Bank engaged Defendant BGW to collect the debt and foreclose on the property. *Id.* ¶¶ 83, 85.

Plaintiff allegedly first learned of the fraud after receiving a notice of foreclosure. *Id.* ¶ 84. Even after Plaintiff contacted Defendant BGW to alert them of the fraudulent conveyance on June 3, 2007, BGW purportedly continued to pursue foreclosure remedies against Defendant Walker. *Id.* ¶¶ 83, 87, 88, 89.

## PROCEDURAL HISTORY

Plaintiff commenced this action on December 23, 2009. Paper No. 1. The complaint contains the following four counts:

> Count I: Declaration and Injunction for Quiet Title and Right to Petition Court for Reformation of Deed;
>
> Count II: Declaration and Injunction for Determination of Rights Under Mortgage Notes;
>
> Count III: Declaration and Injunction for Determination of Rights Under Deed of Trust; and
>
> Count IV: Violation of the Fair Debt Collection Practices Act ("FDCPA").

Compl. ¶¶ 91-118. In Counts I, II, and III, Plaintiff seeks declaratory and injunctive relief in the form of a declaration stating, *inter alia*, that (i) the deed reflecting the transfer of the Property from Plaintiff Queen to Defendant Walker is void *ab initio*, Compl. ¶ 98.d; (ii) Plaintiff has complete, sole, and uninterrupted ownership and rights to the Property, *id.* ¶ 98.c; (iii) Plaintiff may petition the Court for reformation of the deed, *id.* ¶ 98.b; (iv) Plaintiff did not enter into mortgage agreements with New Century Mortgage, assigned to Defendant Deutsche Bank, *id.* ¶ 104.a; (v) Defendant Deutsche Bank's recourse for breach of contract lies against Defendant Walker only, *id.* ¶ 104.b; (vi) the Doctrine of Equitable Subrogation does not lie against Plaintiff and the Property due to the forgery, *id.* ¶ 104.c; and (vii) any liens established by the deed of trust created by the mortgage notes entered between Defendant Walker and New Century Mortgage, and assigned to Defendant Deutsche Bank, are void, *id.* ¶ 111.a. In Count IV,

Plaintiff seeks an award of damages, costs, and attorney's fees against BGW for alleged violations of the FDCPA in connection with its debt collection efforts. *Id.* ¶ 117.

On February 11, 2010, Defendant BGW filed a motion to dismiss for failure to state a claim upon which relief can be granted. Paper No. 3. Two weeks later Defendant Deutsche Bank also filed a motion to dismiss. Paper No. 7. Defendant Walker has not answered or otherwise responded to the complaint.[2]

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## ANALYSIS

**I.  Deutsche Bank**

Defendant Deutsche Bank contends that the complaint should be dismissed because it fails to satisfy *Iqbal* or plead fraud with particularity as required by Fed. R. Civ. P. 9(b). Def. Deutsche Bank's Mot. to Dismiss 5-8. Specifically, Defendant criticizes the Complaint's lack of factual allegations pertaining to the forged deed. *Id.*

---

[2] On February 20, 2010, Plaintiff filed an affidavit of process server averring that the summons and complaint had been served on Defendant Errol Walker. *See* Paper No. 6. However, Defendant Walker has not responded to the complaint. The Court will therefore direct Plaintiff to either file and serve on Defendant Walker a motion for entry of default or provide the Court a status report on or before July 20, 2010 as to why such a motion would be inappropriate.

Defendant's argument has no merit. The complaint clearly states a "plausible claim for relief." *Iqbal*, 129 S. Ct. at 1950. It describes in great detail the alleged mortgage foreclosure rescue scheme and Defendants' respective roles during the relevant time period. With regard to the purported fraudulent conduct, Plaintiff alleges in his complaint that (i) "the Metropolitan Money Store forged the deed belonging to [Plaintiff] . . . thereby conveying the property to Errol Walker," Compl. ¶ 59, *see also id.* ¶ 57; (ii) "[t]o finance the Foreclosure Reversal Scam the criminal enterprise arranged and settled mortgage loans between New Century Mortgage and the 'straw purchaser,' in the instant matter defendant Errol Walker," *id.* ¶ 58, *see also* ¶ 60; (iii) "Errol Walker . . . was paid a fee of $10,000.00 in exchange for allowing the co-conspirators to utilize her name and credit history in procuring a mortgage loan from New Century Mortgage on [Plaintiff's Property]," *id.* ¶ 61; and (v) "[t]he co-conspirators committed a fraud against New Century, and defendant Deutsche Bank by way of assignment, in their efforts to obtain mortgage loans based upon forged deeds which purported to transfer the title of the plaintiff's real property," *id.* ¶ 68. *See also id.* ¶ 72 (enumerating the numerous alleged falsehoods contained in Defendant Walker's Uniform Residential Loan Application). Without the benefit of discovery, Plaintiff cannot be expected to shed more light on the circumstances surrounding the alleged forged deed and fraudulent loan application which were fabricated without his knowledge in order to fleece him. The factual allegations contained in the complaint meet the particularity requirement of Fed. R. Civ. P. 9(b). *See United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (stating that a plaintiff must "describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby").

Accordingly, Defendant Deutsche Bank's Motion to Dismiss will be denied.

**II.     Bierman, Geesing & Ward, LLC**

In its Motion to Dismiss, BGW sets forth three grounds for dismissal of Count IV of the complaint. For the reasons provided below, the Court will grant in part BGW's motion and give Plaintiff leave to file an amended complaint to provide additional factual allegations concerning Count IV.

**A.     Whether BGW is a Proper Party**

BGW argues that it is not a proper party to this action because it is not the substitute trustee under the deed of trust. Def. BGW's Mot. to Dismiss 6-7. BGW asserts that the actual substitute trustees are Howard N. Bierman, Jacob Geesing, and Carrie Ward. *Id.* at 6.

However, for Plaintiff to maintain an action under the FDCPA, it is immaterial whether BGW is the substitute trustee. Rather, BGW must be a debt collector as defined by the Act. *See* 15 U.S.C. § 1692a(6). The Fourth Circuit has recognized that the FDCPA "applies to law firms that constitute debt collectors," *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 229 (4th Cir. 2007), and actions against law firms are regularly brought in this circuit, *see e.g.*, *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 375-79 (4th Cir. 2006); *Carroll v. Wolpoff & Abramson*, 961 F.2d 459, 461 (4th Cir. 1992).

In the complaint, Plaintiff alleges that Defendant BGW is a debt collector under § 1692a(6), Compl. ¶ 113, and that it violated (i) § 1692g(b) by failing to provide verification of the debt and continuing debt collection efforts after Plaintiff notified BGW of the alleged fraud, *id.* ¶ 114; and (ii) §§ 1692e(2)(A) and 1692f(1) when it misrepresented the amount of the debt after being informed of the alleged fraud, *id.* ¶ 115-16. Accepting these allegations as true, BGW is a proper party to this action.

### B. Whether Plaintiff has Standing Under the FDCPA

BGW contends that Plaintiff cannot maintain an action under the FDCPA because he was not the object of collection activity arising from consumer debt. Def. BGW's Mot. to Dismiss 7-8. BGW argues that only Defendant Walker has standing because the law firm directed its collection activities at her. *Id.* at 8.

In the Complaint, Plaintiff alleges that Defendant BGW violated §§ 1692g(b), 1692e(2)(A), and 1692f(1) of the FDCPA. Section 1692g requires that a "debt collector" cease collection of a debt upon receipt of certain notifications by a "consumer." 15 U.S.C. § 1692g. The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). In contrast, §§ 1692e(2)(A) and 1692f(1) do not use the term "consumer" but rather state that a debt collector may not use "any false, deceptive, or misleading representation or means," 15 U.S.C. § 1692e, or "unfair or unconscionable means," 15 U.S.C. § 1692f, to attempt to collect any debt. Courts have interpreted these provisions as permitting any aggrieved party to bring an action under the FDCPA. *See, e.g.*, *Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003) (analyzing § 1692e); *Eley v. Evans*, 476 F. Supp. 2d 531, 533 (E.D. Va. 2007) (construing §§ 1692e and 1692f).

Even though BGW aimed its collection efforts at Defendant Walker, Plaintiff is the true party in interest because what he claims to be his property fraudulently serves as collateral for the delinquent mortgage loan. Because of the alleged fraud, Plaintiff stands in the shoes of Walker and Plaintiff's home may be sold to pay the debt BGW has purportedly attempted to collect, if the Property is foreclosed upon. Moreover, BGW allegedly continued its collection efforts *after* Plaintiff put the law firm on notice of the alleged fraud. Compl. ¶¶ 83, 87, 88. As a

result, Plaintiff is a "consumer" as that term is defined in § 1692a(3) and has standing to bring an action under §§ 1692e and 1692f.

A more narrow interpretation of the FDCPA, particularly as applied to the factual allegations here, would be inconsistent with the purposes of the Act. Congress designed the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). When a fraud of the type alleged here has been perpetrated, only the victim of the fraud – not the purported straw purchaser – will have any incentive to stop abusive debt collection practices.

Accordingly, the Court concludes that Plaintiff may bring an action under the FDCPA against BGW.

**C. Whether the Complaint Contains Sufficient Factual Allegations Demonstrating that the FDCPA Claims are Not Time Barred**

BGW argues that Plaintiff's claims are time barred because the only dates contained in the complaint relating to its purported collection activities are December 6, 2006, April 13, 2007, and May 15, 2007, occurring more than one year before the action was brought. Def. BGW's Mot. to Dismiss 7-8. In response, Plaintiff argues that the Court should equitably toll the FDCPA's "one year Statute of Limitations" due to the alleged fraud. Pl.'s Opp'n to BGW's Mot. to Dismiss 5-6.

Section 1692k(d) of the FDCPA, entitled "Jurisdiction," states that an action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Fourth Circuit has not yet addressed whether the discovery rule or equitable tolling can be applied to the FDCPA. Circuits that have analyzed the issue have reached different conclusions.

*Compare, e.g., Mangum v. Action Collection Servs., Inc.*, 575 F.3d 935, 939-41 (9th Cir. 2009) (finding the FDCPA incorporates both doctrines), *with Johnson v. Riddle*, 305 F.3d 1107, 1114 n.3 (10th Cir. 2002) (expressing doubt about whether the FDCPA incorporates a discovery rule). The parties in the instant action have not adequately briefed this issue.

Accordingly, the Court will grant in part BGW's Motion to Dismiss as to the issue of whether the Complaint contains sufficient factual allegations to demonstrate that the FDCPA violations in Count IV are not time barred and grant Plaintiff leave to file an amended complaint to provide additional factual allegations. If Plaintiff alleges in the amended complaint that BGW violated the FDCPA before December 23, 2008, and BGW subsequently moves to dismiss those claims as time barred under § 1692k(d), the parties must brief the issue of whether the discovery rule or equitable tolling can be applied to the FDCPA.

## CONCLUSION

The Court, by separate Order, will deny Defendant Deutsche Bank's Motion to Dismiss and will deny in part and grant in part Defendant BGW's Motion to Dismiss. Furthermore, Plaintiff will be granted leave to file an amended complaint to provide additional factual allegations concerning Count IV and will be directed to file and serve on Defendant Walker a motion for entry of default or provide the Court a status report as to why such a motion would be inappropriate.

July 6, 2010                       /s/
Date                                Roger W. Titus
                                       United States District Judge